UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA DORTA,

                    Plaintiff,

          - against -

ANDREW SAUL,[1] COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

19-cv-2215 (JGK)(RWL)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The plaintiff, Maria Dorta ("Dorta") commenced this action, seeking to appeal a denial by the Commissioner of Social Security (the "Commissioner") of her application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Dorta initially filed an SSI application on August 8, 2012, claiming that she had been disabled since October 31, 2010, because she suffered from dysthymic disorder with major depression and certain physical impairments. The Commissioner initially determined Dorta was not "disabled," and Dorta sought district court review in 2015. By stipulation of the parties, United States District Judge George B. Daniels remanded the matter to the Commissioner for further administrative proceedings.

---

[1] Andrew Saul, as the current Commissioner of Social Security, is automatically substituted for Nancy A. Berryhill, who served as the Acting Commissioner of Social Security at the time Maria Dorta filed her Complaint in this case. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

On October 17, 2017, after a second administrative hearing, an Administrative Law Judge ("ALJ") denied the plaintiff's claims, again finding that the plaintiff was not "disabled" under the Act. Administrative Record ("A.R."), ECF No. 9, at 1225-38, and on January 17, 2018 the Appeals Council denied review, making the ALJ's decision the final determination by the Commissioner. A.R. at 1203-06. The plaintiff then brought this appeal pursuant to 42 U.S.C. § 1383(c) (incorporating 42 U.S.C. § 405(g)). The parties cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

The Court referred this matter to Magistrate Judge Robert Lehrburger for a Report and Recommendation. Magistrate Judge Lehrburger recommended that the plaintiff's motion be denied and that the Commissioner's motion be granted. The plaintiff filed a timely objection to the Report and Recommendation, contesting Magistrate Judge Lehrburger's conclusions on two grounds: (1) that the ALJ failed to weigh properly the medical opinions in the Administrative Record; and (2) that the ALJ failed to evaluate appropriately Dorta's subjective statements.

The facts of the case are set forth in the thorough Report and Recommendation, and familiarity with those facts is assumed. For the reasons explained below, the Report and Recommendation is **adopted**, the plaintiff's motion is **denied**, the Commissioner's motion is **granted**, and the case is **dismissed**.

I.

Pursuant to 28 U.S.C. § 636(b)(1)(C), any portion of a Magistrate Judge's Report and Recommendation to which objection is made is subject to de novo review. See, e.g., Lugo v. Berryhill, 390 F. Supp. 3d 453, 456 (S.D.N.Y. 2019); McClain ex rel. McClain v. Halter, No. 99-cv-3236, 2001 WL 619177, at *1 (S.D.N.Y. June 5, 2001).

When reviewing a denial of an application for SSI, a court may set aside a determination by the Commissioner only if it is based on legal error or is not supported by substantial evidence in the record. See 42 U.S.C. § 405(g); Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Burton-Mann v. Colvin, No. 15-cv-7392, 2016 WL 4367973, at *3 (S.D.N.Y. Aug. 13, 2016). Substantial evidence is "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971).[2] However, as the Supreme Court recently has affirmed, "the threshold for such evidentiary sufficiency is not high," because substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, (2019); see also, Brault v. Comm'r of Soc. Sec., 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) ("The substantial evidence

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would have to conclude otherwise."). Courts are instructed to "defer to the Commissioner's resolution of conflicting evidence." Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 122 (2d Cir. 2012); see also Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998) ("[I]t is up to the agency, and not this court, to weigh the conflicting evidence in the record.").

## II.

A claimant seeking SSI is considered "disabled" within the meaning of the Act, if the claimant is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382(c)(3)(A); see Mitchell v. Colvin, No. 14-cv-4154, 2015 WL 5306208, at *4 (S.D.N.Y. Sept. 10, 2015).[3]

---

[3] The statutory definition of "disability" for purposes of SSI under Title XVI is virtually identical to that used for disability insurance benefits ("DIB") under Title II. Barnhart v. Walton, 535 U.S. 212, 214 (2002); compare 42 U.S.C. § 1382c(a)(3) with 42 U.S.C. § 423(d). The determination of disability for DIB under Title II, and judicial review of such a determination, is also similar to the determination of disability for purposes of SSI benefits under Title XVI of the Act. Avila v. Astrue, 933 F. Supp. 2d 640, 649 n.5 (S.D.N.Y. 2013). Thus, cases regarding the definition of "disability" under 42 U.S.C. § 423 are cited interchangeably with cases under 42 U.S.C. § 1382c(a)(3). See Hankerson v. Harris, 636 F.2d 893, 895 n.2 (2d Cir. 1980); Lopez v. Comm'r of Soc. Sec., No. 18-CV-7564, 2020 WL 364172, at *1 n.1 (S.D.N.Y. Jan. 22, 2020).

Social Security Administration regulations define a "five-step, sequential evaluation process," used to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920(a)(4). Pursuant to this process, the Commissioner must consider:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in [Appendix 1]; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

McIntyre v. Colvin, 758 F.3d 146, 150 (2d Cir. 2014).[4] The claimant bears the burden of proof for the first four steps, and it is only after the claimant has fulfilled her burden, that the burden shifts to the Commissioner at step five. Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996). However, the burden shift at step five, "is only a limited burden shift, in that the Commissioner need only show that there is work in the national economy that the claimant can do." Petrie v. Astrue, 412 F. App'x 401, 404 (2d Cir. 2011); 20 C.F.R. § 416.960(c)(2).

---

[4] Step three considers whether the claimant has an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. §§ 416.920(d), 416.925, 416.926.

### III.

In this case, the ALJ found that the plaintiff sustained her burden for the first two steps of the inquiry, because the plaintiff had been unemployed since 2010, and suffered severe impairments from arthralgias; lumbar disc disease; dysthymic disorder; and major depressive disorder, single episode without psychotic features, after the alleged onset date.[5] At step three, the ALJ found, and the plaintiff does not contest, that Dorta's impairments did not match those listed in Appendix 1. At issue is the ALJ's determination at step four that the plaintiff had the residual functional capacity to perform "light work," as defined in 20 CFR § 416.967(b).

In her Complaint, the plaintiff has challenged the ALJ's determinations on two grounds: (1) that the ALJ failed to weigh properly the medical opinions in the Administrative Record regarding her psychological impairments and to determine properly Dorta's residual functional capacity; and (2) that the ALJ failed to evaluate appropriately Dorta's subjective statements.[6] In the Report and Recommendation, Magistrate Judge Lehrburger recommended that the Dorta's motion be denied,

---

[5] The ALJ also noted that the plaintiff had developed additional physical conditions, including carpal tunnel syndrome, after the date of her initial SSI application. However, the plaintiff has only challenged the ALJ's determinations with respect to her psychological conditions on appeal.
[6] In her Complaint, the plaintiff does not dispute the ALJ's assessment of her physical impairments, or their impact on the determination of her residual functional capacity.

explaining that the ALJ's weighing of medical opinions in the record and the evaluation of Dorta's subjective statements were free from legal error and supported by substantial evidence. The plaintiff has objected to both of the Magistrate Judge's recommended findings. For the reasons explained below, the plaintiff's objections are without merit.

**A.**

The plaintiff has objected to Magistrate Judge Lehrburger's conclusion that the ALJ correctly weighed the medical opinions in the record. Specifically, the plaintiff objects to Magistrate Judge Lehrburger's recommendation that the ALJ's decision not to accord the usual deference given to Dr. Alicia and Dr. Mahmood, the plaintiff's treating physicians, involved a proper application of the "Treating Physician Rule" and was supported by substantial evidence. In addition, the plaintiff objects to Magistrate Judge Lehrburger's determination that the ALJ properly weighed the other medical opinion evidence, including the opinions of non-treating physicians Drs. Reddy and Fujiwaki.[7]

The Treating Physician Rule requires "deference to the views of the physician who has engaged in the primary treatment

---

[7] Although the plaintiff objects to the Magistrate Judge's conclusion that the ALJ appropriately weighed all medical opinions in the record, she only raises specific objections to the weighing of the opinions of Drs. Alicia, Mahmood, Reddy, and Fujiwaki. There was in fact no error in Magistrate Judge Lehrburger's assessment that the ALJ properly weighed the medical opinions of Dr. Galiotos, and that such determination was supported by substantial evidence.

of the claimant" in determining the nature and severity of the claimant's impairment.[8] See Avila v. Astrue, 933 F. Supp. 2d 640, 653 (S.D.N.Y. 2013) (quoting Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008)). An ALJ must accord controlling weight to a treating physician's opinion when it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial record evidence. 20 C.F.R. § 416.927(c)(2); see Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). If a treating physician's opinion is not afforded controlling weight, the ALJ must explain what degree of weight, if any, the ALJ assigns the treating physician's opinion and other medical opinions in the record, based on the application of specified factors. See 20 C.F.R. §§ 416.927(c)(2)(i)-(ii) & 416.927(c)(3)-(6).[9] The factors that the ALJ must consider include: "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with

---

[8] In March 2017, the Social Security Administration published regulations that effectively abolished the Treating Physician Rule for claims filed on or after March 27, 2017. See 20 C.F.R. § 416.920c(a). Because the plaintiff filed her claim before March 27, 2017, the Treating Physician Rule under the previously existing regulations applies. See, e.g., Pagan v. Saul, No. 18-cv-7012, 2020 WL 2793023, at *6 n.5 (S.D.N.Y. May 29, 2020).

[9] For purposes of Section 416.927, "[m]edical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [their] symptoms, diagnosis and prognosis, what [they] can still do despite impairment(s), and [their] physical or mental restrictions." 20 C.F.R. § 416.927(a)(1).

the remaining medical evidence; and (4) whether the physician is a specialist." Estrella v. Berryhill, 925 F.3d 90, 95-96 (2d Cir. 2019) (alteration in original). If the ALJ accords a treating source opinion less than controlling weight, the ALJ must explain the weight ascribed to such opinion with "good reasons." See Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999); 20 C.F.R. § 416.927(c)(2). A district court may remand "when the Commissioner has not provided good reasons for the weight given to a treating physician[']s opinion." Morgan v. Colvin, 592 F. App'x 49, 50 (2d Cir. 2015) (alterations in original) (quoting Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) (per curiam)).

Based on this Court's review of the record, the Magistrate Judge did not err in finding that the weights assigned by the ALJ to the medical opinions in the record were both free from legal error and supported by substantial evidence. Specifically, the ALJ's decision not to assign controlling weight to opinions from Dorta's treating physicians, Drs. Alicia and Mahmood, was supported by substantial evidence in the record and was based sufficiently on consideration of the required factors. Further, the ALJ's decision to assign "partial weight" to the opinions of Dr. Fujiwaki, the Administration's examining consultative psychologist, and Dr. Reddy, the state agency's non-examining

consulting psychologist, was also free from legal error and supported by substantial evidence.

1.

Magistrate Judge Lehrburger correctly found that the ALJ's decision to give opinions of Drs. Alicia and Mahmood "limited" and "little" weight, respectively, rather than "controlling" weight, was both consistent with the Treating Physician Rule and supported by substantial evidence.

The ALJ explained that he ascribed "limited" weight to certain opinions of Dr. Alicia from 2012 and from October 2013, that noted that Dr. Alicia believed Dorta was "temporarily unemployable," that she had multiple marked limitations, or that she "could not compete in a work area." A.R. at 1235-36. Although the ALJ did not explicitly cite to each of the factors in 416.927(c), his "reasoning and adherence to the regulation are clear." Atwater v. Astrue, 512 F. App'x 67, 70 (2d Cir. 2013). Further, the ALJ provided "good reasons" that were supported by substantial evidence, for assigning Dr. Alicia's opinions less than controlling weight. Snell, 177 F.3d at 133.

The ALJ considered the nature and extent of Dr. Alicia's treatment of Dorta, noting that Dr. Alicia began treating Dorta in October 2011, and saw her every three months. A.R. at 1233; cf. 20 C.F.R. § 416.927(c)(2) (treatment relationship). The ALJ noted that certain of Dr. Alicia's opinions claimed that Dorta

10

was disabled for physical, rather than psychological symptoms. A.R. at 1235; see, e.g., A.R. at 315-16 (noting Dorta was "temporarily unemployable" for "NON psychiatric reasons"), 421 ("While her depression has improved and is not a chronic inexorable deterrent to her being employed[,] Ms. Dorta has several medical conditions which qualify her as disabled: Bronchial Asthma, Osteoporosis[,] Emphysema[,] and L[umbar]/S[pinal] Disc Disease."). As the ALJ noted, Dr. Alicia was "not treating [Dorta] for those conditions, nor ha[d] he examined her for those conditions" and neither was he "qualified to comment on any functional limitations attributable to physical conditions." A.R. at 1235-36; cf. 20 C.F.R. § 416.927(c)(5) (specialization). Finally, the ALJ considered Dr. Alicia's treatment records and noted that such records were inconsistent with Dr. Alicia's opinions, in that Dr. Alicia's treatment records noted that Dorta's "anxiety and depression lessened with medication," that she was "calmer and more able to cope," and that she "overall was feeling stable and denied any sustained depressive symptoms or mood," and that her "depression was not a deterrent to employment." A.R. at 1233; cf. 20 C.F.R. § 416.927(c)(3)-(4) (supportability and consistency).

The ALJ provided "good reasons" in that he noted inconsistencies between Dr. Alicia's opinions and his own treatment notes. The ALJ noted that although Dr. Alicia opined

11

that Dorta had marked restrictions in several areas of cognitive functioning, including her ability to maintain attention and concentration for extended periods, Dr. Alicia's treatment notes reported Dorta had no cognitive limits, psychosis, auditory/visual hallucinations or vegetative symptoms, or limits in interaction. A.R. at 1235. See, e.g., id. at 222-23, 404, 407, 410. Further, as the ALJ noted, Dr. Alicia's treatment notes show that Dorta's symptoms were controlled with medications, and that Dorta often reported lessened depressive symptoms, id. at 410, or even no depressive symptoms. See, e.g., id. at 407, 1404, 1410, 1413.[10]

The weight assigned by the ALJ to Dr. Alicia's opinions was well-supported by the record. As the Report notes, Dr. Alicia's treatment notes showed Dorta had generally normal mental status examinations. Further, as the Report notes, Dr. Alicia's July 2012 and October 2013 opinions noted his belief that her depression was not a barrier to her employment, but rather that it was her physical impairments, for which he was not treating

---

[10] The plaintiff claims that the ALJ failed to "make findings" that Dorta's conditions improved with treatment, and thus the Magistrate Judge was incorrect to consider her responsiveness to treatment as a variable. However, the ALJ did note evidence in the record to demonstrate that Dorta's psychological symptoms improved with medication and treatment. See A.R. at 1233 & 1235.

her, that impeded her ability to work. Report and Recommendation ("R&R"), ECF No. 22, at 31-32.

For Dr. Mahmood, the ALJ again properly followed the Treating Physician Rule, and provided "good reasons," that were supported by substantial evidence, to support the ALJ's decision to assign "little" weight to certain of Dr. Mahmood's opinions. Again, while the ALJ did not explicitly cite each factor in Section 416.927(c), his "reasoning and adherence to the regulation are clear." Atwater, 512 F. App'x at 70. Specifically, the ALJ considered the nature of Dr. Mahmood's treating relationship with Dorta (noting that she saw him every three months), the supportability of his opinions compared to his own treatment notes, and the consistency of his opinions with the rest of the record. The ALJ assigned "little" weight to Dr. Mahmood's opinion that Dorta was "unable to work due to stress related issues," because it was conclusory and inconsistent with the treatment records from Metropolitan Hospital, which included Dr. Mahmood's treatment records, and which "continued to find normal functioning without any significant limitations." A.R. at 1236; cf. 20 C.F.R. § 416.927(d)(1) (reserving for the Commissioner the responsibility "for making the determination or decision about whether [a claimant] meet[s] the statutory definition of disability," and noting that a medical source's statement that a claimant is

"unable to work" is not dispositive); Michels v. Astrue, 297 F. App'x. 74, 76 (2d Cir. 2008) ("A doctor's designation of a party as disabled begins the disability inquiry, it does not end it."); Snell, 177 F.3d at 133 ("[P]hysician's statement that the claimant is disabled cannot itself be determinative."). In addition, the ALJ assigned "little" weight Dr. Mahmood's finding of "moderate to marked limitations in several areas of functioning," "suicidal ideations," and "difficulty thinking or concentrating," because such opinions were not supported by treatment notes from Metropolitan Hospital (including Dr. Mahmood's own treatment notes). A.R. at 1236.

The Magistrate Judge correctly found that the ALJ's analysis of Dr. Mahmood's opinions was free from legal error and was supported by substantial evidence in the record. Of particular note, the mental status examinations of Dorta performed by Dr. Mahmood (or the other psychiatrists covering for him) generally noted, among other things, that Dorta had a calm mood, an appropriate affect, intact thought processes, rational and non-psychotic thought control, no hallucinations or illusions, no suicidal or homicidal ideation, non-impaired judgment, and good impulse control. Id. at 1400, 1566, 1569, 1572, 1575.

The plaintiff objects to the Report's finding that the ALJ appropriately applied the Treating Physician Rule, arguing that

14

it was improper for the ALJ to consider the treatment notes from
Drs. Alicia and Mahmood, signs of improvement of Dorta's
conditions, and evidence of Dorta's capacity to engage in her
daily activities. Each objection is without merit. It was not
error for the ALJ to discount the opinions of Drs. Alicia and
Mahmood, because such opinions were inconsistent with their own
contemporaneous treatment notes and other evidence in the
record. See, e.g., Domm v. Colvin, 579 F. App'x 27, 28 (2d Cir.
2014) (affirming ALJ's decision to discount the opinion of a
treating physician when the opinion was inconsistent with the
treatment notes and other evidence in the record); Dunne v.
Comm'r of Soc. Sec., 349 F. Supp. 3d 250, 257-58 (W.D.N.Y. 2018)
(affirming ALJ's decision not to assign controlling weight to
treating physician's opinion because the opinions were
inconsistent with the treatment notes); Santana v. Saul, No. 18-
cv-10870, 2019 WL 6119011, at *10 (S.D.N.Y. Nov. 18, 2019) (ALJ
did not commit legal error by discounting treating physician's
opinion because the opinions were inconsistent with the
treatment notes, and finding such "treatment notes constitute
substantial evidence supporting the ALJ's determination to
discount [the doctor's] opinions"). The Treating Physician Rule
contemplates that ALJs "may set aside an opinion of a treating
physician that is contradicted by the weight of other record
evidence." Anselm v. Comm'r of Soc. Sec., 737 F. App'x 552, 555

(2d Cir. 2018); see also Krull v. Colvin, 669 F. App'x 31, 32
(2d Cir. 2016) ("The opinions of examining physicians are not
controlling if they are contradicted by substantial evidence, be
that conflicting medical evidence or other evidence in the
record.").

Similarly, it was not error for the ALJ to take note that
the claimant appeared to participate in activities of daily
living as part of the relevant evidence in the record that was
inconsistent with certain opinions of Drs. Alicia and Mahmood.
See Roma v. Astrue, 468 F. App'x 16, 19 (2d Cir. 2012) (not
error for an ALJ to use a claimant's participation in a "broad
range of light, non-stressful activities" as evidence
contradicting a treating source's opinion); See, e.g., Santana,
2019 WL 6119011, at *8.

Finally, the plaintiff objects to the ways in which the ALJ
weighed competing evidence in the record, arguing that there was
some evidence to support the opinions of Drs. Alicia and
Mahmood. However, this misconstrues both the Treating Physician
Rule and this Court's role in reviewing the Commissioner's
determinations. The Treating Physician Rule does not require an
ALJ give controlling weight to a physician if there is any
evidence to support the physician's opinion. 20 C.F.R.
§ 416.927(c)(2) (treating physicians are entitled to
"controlling weight" if the Commissioner "find[s] that a

treating source's medical opinion . . . is <u>well-supported</u> by medically acceptable clinical and laboratory diagnostic techniques and <u>is not inconsistent with the other substantial evidence</u> in [the] case record") (emphasis added). Nor is it appropriate for this Court to overturn a decision by the Commissioner that is free from legal error and supported by substantial evidence, based on a complete record.[11] 42 U.S.C. § 405(g); see <u>Genier v. Astrue</u>, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam).

2.

The plaintiff has also objected to the Magistrate Judge's determination that the ALJ properly weighed the opinions of reviewing state agency psychological consultant Dr. Reddy, and consultative examiner, Dr. Fujiwaki.

The ALJ noted that Dr. Reddy found Dorta suffered from moderate limitations in concentration, persistence, and pace, but that she could perform unskilled work. The ALJ assigned "partial" weight to this opinion. The ALJ appropriately noted that Dr. Reddy was a "state agency psychological consultant," was not a treating or examining source. Nevertheless, the ALJ noted that Dr. Reddy's opinion was consistent and supported by other medical evidence in the record, which "d[id] not indicate

---

[11] The plaintiff has not alleged the record is incomplete, nor objected to the Magistrate Judge's Report and Recommendation on that basis.

any greater limitations." See A.R. at 1237. While the ALJ did not recite each of the Section 416.927(c) factors, his analysis demonstrates that he followed the appropriate analysis, especially considering the nature of Dr. Reddy's relationship to Dorta and the supportability and consistency of his opinion with other evidence in the record.

With respect to Dr. Reddy, the plaintiff argues that the ALJ failed to follow the analysis required for weighing medical opinions, that consultative sources "standing alone" are not substantial evidence, and that the ALJ was "forbidden from" considering whether Dorta's treatment records were consistent with the opinion of a non-examining consultant. These objections have no merit.

First, the plaintiff misconstrues the ALJ's analysis by suggesting he relied on Dr. Reddy's opinions "standing alone," because the ALJ's determination does not rest solely on Dr. Reddy's opinion (it was assigned "partial" weight, not "significant" or "great" weight). Rather, the ALJ considered Dr. Reddy's opinion and its consistency with other evidence in the record, including Dorta's treatment notes. Second, courts in this Circuit have noted that the opinions of non-treating and non-examining medial consultants can be part of the "substantial evidence" required "to override treating sources' opinions provided they are supported by evidence in the record." Diaz v.

Shalala, 59 F.3d 307, 313 n.5 (2d Cir. 1995); see Fyre ex rel.
A.O. v. Astrue, 485 F. App'x 485, 487 (2d Cir. 2012); see also,
Micheli v. Astrue, 501 F. App'x 26, 29 (2d Cir. 2012). As such,
the ALJ did not commit legal error by considering whether Dr.
Reddy's opinion was consistent with other evidence in the
record, including Dorta's treatment records.

The ALJ noted that Dr. Fujiwaki opined that Dorta had "no
psychotic symptoms," that "medications controlled her auditory
hallucinations, her attention and concentration were intact,"
that she had "mildly impaired memory," that she could travel by
herself and do activities of daily living, and that she
socialized. A.R. at 1237. He also noted Dr. Fujiwaki opined that
Dorta may have difficulty handling work-related "stress" and
maintaining a regular schedule. Id. The ALJ accorded Dr.
Fujiwaki's opinion "partial weight," noting that while parts of
the opinion were consistent with other evidence in the record,
Dr. Fujiwaki's opinion was based on a one-time exam, and that
Dr. Fujiwaki's references to difficulty maintaining a schedule
and with stress were "vague," and lacked any description of
"specific function-by-function limitations." Id. While the ALJ's
assessment of Dr. Fujiwaki's opinion did not explicitly consider
the factors in Section 416.927(c), his "reasoning and adherence
to the regulation are clear." Atwater, 512 F. App'x at 70. He
appropriately noted that several findings in Dr. Fujiwaki's

opinion were consistent with other evidence in the record (consistency). He also noted that Dr. Fujiwaki's opinion was based on a one-time exam (relationship) and lacked explanations of specific function-by-function limitations to support Dr. Fujiwaki's opinion that Dorta may have difficulty maintaining a regular schedule (supportability). See 20 C.F.R. § 416.927(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion . . . [and] [t]he better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion.").[12]

The plaintiff has alleged that Dr. Fujiwaki never reviewed Dorta's treatment notes from Metropolitan Hospital, which the plaintiff alleges is inconsistent with 20 C.F.R. § 416.917. First, the plaintiff provides no evidence to substantiate this claim. Second, even if the allegation is true, the regulations do not require that an opinion from a consultative physician, who had the opportunity to examine the plaintiff directly, be discarded because of a lack of review of prior records. Marquez v. Colvin, No. 12-cv-6819, 2013 WL 5568718, at *13 (S.D.N.Y. Oct. 9, 2013). Courts in this district have found

---

[12] The plaintiff argues that, if the ALJ found aspects of Dr. Fujiwaki's opinion "vague," the ALJ was required to seek more information. To the contrary, as the Magistrate Judge correctly noted, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' an ALJ is "under no obligation to seek additional information in advance of rejecting an application. R&R at 35-36 n.15 (citing Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999).

legal error only when the ALJ gave excessive weight to a
consultative examiner who did not have the claimant's prior
notes, while also giving insufficient weight to the treating
physician. See, e.g., Raymond v. Comm'r of Soc. Sec., No. 16-
cv-3577, 2017 WL 4417802, at *13 (S.D.N.Y. Sept. 22, 2017)
(finding legal error because ALJ ascribed "significant weight"
to consultative examiner and not "the proper weight" to the
consultative physician); Jackson v. Colvin, No. 13-cv-5655, 2014
WL 4695080, at *20 (S.D.N.Y. Sept. 3, 2014) (accepting the
Magistrate Judge's Report and Recommendation finding error where
the consultative physician was given "great weight" and the
ALJ's "improper assessment" of a treating physician's opinions).
Therefore, the Magistrate Judge correctly concluded that the ALJ
appropriately weighted the opinions of Dr. Reddy and Dr.
Fujiwaki, and his determinations were supported by substantial
evidence.

**B.**

The plaintiff has objected to the Magistrate Judge's
conclusion that the ALJ did not err by finding that Dorta's
statements about the nature and severity of her impairments were
not credible. The plaintiff primarily argues that the ALJ did
not provide "any meaningful analysis" of her statements and
objects to the Magistrate Judge's conclusion that the ALJ
properly discounted her statements. The Report discounted the

plaintiff's statements because the ALJ noted Dorta's ability to engage in activities of daily living, her improvement over the course of treatment and improved mental status examinations, and the fact that Dorta has never been hospitalized for psychiatric reasons.

Social Security Administration regulations provide a two-step inquiry for evaluating a claimant's assertions of pain and other limitations. 20 C.F.R. § 416.929(a). First, the ALJ must determine whether the claimant suffers from a "medically determinable impairment that could reasonably be expected to produce [the claimant's] symptoms." Id. § 416.929(b). If the ALJ determines the claimant does suffer from such a "medically determinable impairment," at the second step, the ALJ must evaluate "the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how your symptoms affect your ability to work." Id. § 416.929(a); see Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Oct. 25, 2017) ("SSR 16-3P").[13] When assessing whether a

---

[13] As both parties note, the Magistrate Judge referred to an outdated Social Security Administration policy interpretation ruling regarding the assessment of symptoms by the ALJ, referring to SSR 96-7p, rather than SSR 16-3p. The updated policy interpretation ruling in SSR 16-3p, "clarify[ied] that subjective symptom evaluation is not an examination of an individual's

claimant's alleged limitations and symptoms are consistent with
the medical evidence, ALJs are instructed to consider other
types of evidence in the record that might substantiate a
claimaint's statements, including the claimant's "daily
activities," the "duration, frequency, and intensity of pain or
other symptoms," and the "effectiveness" of "any medication"
taken by the claimant to alleviate their symptoms. 20 C.F.R.
§ 416.929(c)(3)(i)-(vii); SSR 16-3P.

The ALJ determined that while Dorta's "medically
determinable impairments could reasonably be expected to
produce" her symptoms, her "statements concerning the intensity,
persistence and limiting effects of these symptoms are not
entirely consistent with the medical evidence and other evidence
in the record." A.R. at 1234. The ALJ's analysis appropriately
tracked to the analysis set forth in Section 416.929. Although
the ALJ did not "explicitly recite" the factors set forth in 20
C.F.R. § 416.929(c)(3), his determinations were supported by
substantial evidence in the record. Cichocki v. Astrue, 534 F.
App'x 71, 75 (2d Cir. 2013). The ALJ noted inconsistencies
between statements made by Dorta at her 2017 hearing and other
evidence in the record. Further, he appropriately considered

character." SSR 16-3p. However, the ALJ referred to and followed the correct,
current interpretation in SSR 16-3p, A.R. at 1231, 1234. Further, the
plaintiff has not raised any specific objection or noted any prejudice
resulting from the Magistrate Judge's reference to the outdated policy
interpretation ruling.

Dorta's capacity to carry out daily activities, including chores, unaccompanied use of public transportation, and occasional socializing. A.R. 1234-35. He also noted evidence in the record regarding the intensity and duration of her symptoms and Dorta's response to therapy and medication.

It was not legal error for the ALJ to consider the plaintiff's daily activities, that she has "no hospitalizations for any condition" within the past two years, that Dorta's "illnesses waxes and wanes with stressors an circumstances," or that her illness had improved and was under control with treatment. A.R. at 1233-34, 1236. Such considerations are directly related to the specific factors that ALJ's are instructed to weigh when considering a claimant's reported symptoms. See 20 C.F.R. § 416.929(c)(3)(i)-(vii). Further, there was substantial evidence within the record to support the ALJ's determination not to credit Dorta's testimony with regard to the intensity and severity of her condition.[14] "When determining a

---

[14] The plaintiff argues that the ALJ failed to provide "meaningful analysis" because several of the key considerations for finding Dorta's statements regarding the severity of her impairments not credible appeared in a "summary of the evidence" or within the "discussion of medical opinion." Pl. Obj. at 9. First, the plaintiff asks this Court to impose a degree of formalism not required by 20 C.F.R. § 416.929, and has not cited any precedent within this Circuit to impose such a requirement. Instead, courts within this Circuit have been instructed that the ALJ need not explicitly discuss each regulatory factor, as long as the determination is supported by substantial evidence. Cichocki v. Astrue, 534 F. App'x 71, 75-76 (2d Cir. 2013). In this case, the ALJ has identified "specific record-based reasons for [his] ruling." Stanton v. Astrue, 370 F. App'x 231, 234 (2d Cir. 2010). The ALJ summarized Dorta's hearing testimony, and noted, during the summary some inconsistencies between her statements and other evidence in the record. Next, he reiterated as further support for his credibility determination Dorta's ability to carry

24

claimant's [residual functional capacity], the ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." Genier, 606 F.3d at 49; Watson v. Berryhill, 732 F. App'x 48, 51-52 (2d Cir. 2018) (noting courts must "defer to an ALJ's decision to discredit subjective complaints if the decision is supported by substantial evidence"). The Magistrate Judge correctly determined that the ALJ's analysis regarding Dorta's credibility was both supported by "substantial evidence" within the record and free from legal error, and as such must be affirmed.

CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the Magistrate Judge's Report and Recommendation is **adopted**, the Commissioner's motion for judgment on the pleadings is **granted**, and the plaintiff's motion is **denied**. The plaintiff is reminded that the decision in this case would not prevent or preclude the plaintiff from filing for benefits based on

---

out daily activities, including chores, unaccompanied use of public transportation, and occasional socializing.

conditions subsequent to the period at issue in this case. The

Clerk is directed to enter Judgment accordingly and to close

this case, including all pending motions.

SO ORDERED.

Dated:     New York, New York
           October 26, 2019

_____
          John G. Koeltl
    United States District Judge